**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**THOMAS RAY HAYES,**

      **Plaintiff,**

**vs.**

**MARK S. INCH, et al.,**

      **Defendants.**

**Case No.: 3:20-cv-01201-HES-JBT**

### CENTURION OF FLORIDA, LLC'S ANSWER TO
### AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Centurion of Florida, LLC ("Centurion") files this Answer, Affirmative Defenses, and Jury Demand to the Amended Complaint, ECF No. 102:

### I.      PLAINTIFF

Admitted that this action is brought by Plaintiff Thomas R. Hayes. Otherwise, without knowledge, therefore denied.

### II.      DEFENDANT(S)

(1)      Admitted that the Amended Complaint is so styled.

(2)      Admitted that the Amended Complaint is so styled.

(3)      Admitted that the Amended Complaint is so styled.

### III.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

Centurion denies the allegations on page 3A of the Amended Complaint.

### IV.      PREVIOUS LAWSUITS

Without knowledge as to all subparts, therefore denied.

## V.    STATEMENT OF FACTS

1.    Admitted that Plaintiff was incarcerated at Union C.I. Otherwise, without knowledge, therefore denied.

2.    Without knowledge, therefore denied.

3.    Without knowledge, therefore denied.

4.    Without knowledge, therefore denied.

5.    Without knowledge, therefore denied.

6.    Without knowledge, therefore denied.

7.    Without knowledge, therefore denied.

8.    The District Court and Eleventh Circuit rulings speak for themselves.

9.    Without knowledge, therefore denied.

10.    Without knowledge, therefore denied.

11.    Without knowledge, therefore denied.

12.    Without knowledge, therefore denied.

13.    The District Court's rulings speak for themselves. Otherwise, without knowledge, therefore denied.

14.    Without knowledge, therefore denied.

15.    Without knowledge, therefore denied.

16.    Without knowledge, therefore denied.[1]

17.    Without knowledge, therefore denied.

18.    Without knowledge, therefore denied.

19.    Without knowledge, therefore denied.

---

[1] There is an unnumbered paragraph between paragraphs 15 and 17, which Centurion treats as paragraph 16.

20.     Without knowledge, therefore denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     Without knowledge, therefore denied.

25.     Without knowledge, therefore denied.

26.     Without knowledge, therefore denied.

27.     Without knowledge, therefore denied.

28.     The District Court's rulings speak for themselves. Otherwise, without knowledge, therefore denied.

29.     Without knowledge, therefore denied.

30.     Without knowledge, therefore denied.

31.     Without knowledge, therefore denied.

32.     Without knowledge, therefore denied.

33.     Without knowledge, therefore denied.

34.     Without knowledge, therefore denied.

35.     Without knowledge, therefore denied.

36.     Without knowledge as to all subparts, therefore denied.

37.     Without knowledge as to all subparts, therefore denied.

38.     Without knowledge, therefore denied.

39.     Without knowledge, therefore denied.

40.     The allegations in paragraph 40 are not directed to Centurion therefore no response is required. To the extent a response is required, denied.

41.    Admitted the Centurion provided contractually specific healthcare services to inmates pursuant to a contract with the Florida Department of Corrections. Centurion began providing contractually specific healthcare at Union C.I. on April 24, 2016. Otherwise, denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Plaintiff's medical records speak for themselves. Otherwise, without knowledge, therefore denied.

49.    Without knowledge, therefore denied.

50.    Denied.

51.    Denied.

52.    Denied.

## VI.    STATEMENT OF CLAIMS

### COUNT ONE
**Deliberate Indifference to Serious Medical Needs**

53.    Count One does not pertain to Centurion, so no response is required. To the extent a response is required, denied.

### COUNT TWO

**Deliberate Indifference to Serious Medical Need/Failure to Adequately Supervise to Provide Adequate Medical Care.**

54.    Count Two does not pertain to Centurion, so no response is required. To the extent a response is required, denied.

4

55.     Count Two does not pertain to Centurion, so no response is required. To the extent a response is required, denied.

## COUNT THREE

### Deliberate Indifference to Serious Medical Need

56.     Denied.

## VII.     RELIEF REQUESTED

Centurion denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Centurion hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiff's Amended Complaint fails to state facts against Centurion that would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### THIRD DEFENSE

Plaintiff fails to establish that Centurion was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Centurion violated Plaintiff's constitutional rights.

4815-8400-6863.2

## FOURTH DEFENSE

Plaintiff's Amended Complaint is barred to the extent Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## FIFTH DEFENSE

Centurion is not liable for the acts or omissions of any other person.

## SIXTH DEFENSE

Centurion, to the extent applicable, asserts all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## SEVENTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of the Plaintiff's own acts and/or Plaintiff's failure to mitigate his damages.

## EIGHTH DEFENSE

Plaintiff cannot establish that Centurion acted with a deliberate indifference to Plaintiff's serious medical need.

## NINTH DEFENSE

Any purported injury to Plaintiff was not caused by Centurion and, instead, was caused by other factors including, but not limited to, other actors.

## TENTH DEFENSE

Centurion is immune under Florida State law.

## ELEVENTH DEFENSE

Centurion pleads all applicable provisions of the Prison Litigation Reform Act as a bar to Plaintiff's claims, and as a limitation of liability which is denied.

## TWELFTH DEFENSE

Centurion asserts that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE

Plaintiff has not made the required showing or allegations entitling him to punitive damages against Centurion.

## RESERVATION OF DEFENSES

Centurion reserves the right to affirmatively plead all other defenses and affirmative defenses available to them that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Centurion denies every other allegation in the Amended Complaint that makes a claim against it. Centurion denies any claim or allegation that it denied Plaintiff needed medical care or that it acted with deliberate indifference to any serious medical need of Plaintiff. Centurion also denies that it denied Plaintiff due process or any other right. Centurion further denies that Plaintiff is entitled to any relief whatsoever.

4815-8400-6863.2

Respectfully Submitted,

*/s/ Jacob Hanson*
Brian A. Wahl (FBN 95777)
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
bwahl@bradley.com

R. Craig Mayfield (FBN 0429643)
Jacob Hanson (FBN 91453)
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
cmayfield@bradley.com
jhanson@bradley.com
***Counsel for Defendant Centurion of Florida, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all counsel of record, and served via U.S. Mail to:

Thomas Ray Hayes, #053503
Union Correctional Institution
P.O. Box 1000
Raiford, FL 32083
***Pro Se Plaintiff***

*Jacob Hanson*
***Counsel for Defendant Centurion of Florida, LLC***

8